**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **ALLEN F. CALTON** | § | |
| **TDCJ #1123880** | § | |
| | § | |
| **V.** | § | **A-22-CV-927-RP** |
| | § | |
| **JUDGE SHARON KELLER, et al.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff Allen F. Calton's complaint. Calton, proceeding pro se, paid the full filing fee for this case.[1]

## I. STATEMENT OF THE CASE

At the time he filed his complaint, Calton was confined in the Connally Unit of the Texas Department of Criminal Justice – Correctional Institutions Division. Calton was convicted in Tarrant County of attempted murder and sentenced to life in prison on May 20, 2004. Calton has unsuccessfully challenged his conviction on appeal and in a multitude of state and federal

[1] While incarcerated, Calton filed at least three civil actions or appeals that were dismissed as frivolous, malicious or for failure to state a claim. Therefore, Calton may not file another civil action in forma pauperis while incarcerated unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

petitions for writ of habeas corpus and motions for DNA testing. In 2008, Calton was cited by the Texas Court of Criminal Appeals (TCCA) for abuse of the writ process.[2]

In his civil-rights complaint, Calton sues the judges of the TCCA. He claims he obtained newly discovered evidence, a butcher knife, in March 2017 that supports his defense of self-defense. Calton asserts he filed a subsequent state application for habeas corpus relief on May 26, 2017. *See In re: Calton*, No. WR-65,590-22. The TCCA summarily denied the petition on July 12, 2017. Calton complains the TCCA did not remand the application to the trial court for an evidentiary hearing before it denied the application on the merits. He contends he was treated differently than other convicted felons who received evidentiary hearings.

Calton requests the Court to declare that the TCCA judges' resolution of his writ application on July 12, 2017, violated due process because the application was denied without an evidentiary hearing. He further requests the Court to order the TCCA judges to rescind their order and remand the application to the trial court for an evidentiary hearing. Calton additionally requests the Court to declare that the TCCA judges cannot constitutionally decide Calton's application without remanding the application to the state trial court for findings of fact and conclusions of law. Relatedly, he requests the Court to order the TCCA to remand his state application to the trial court to allow the trial court to render findings of fact and conclusions of law on which the TCCA can later resolve Calton's claims.

[2] Additionally, the Fifth Circuit warned Calton that he could be subject to sanctions if he filed "frivolous, repetitive, or otherwise abusive pleadings." *See In re Calton*, No. 19-11206, at 2 (5th Cir. Nov 26, 2019) (unpublished). Because Calton continued to file pleadings at the Fifth Circuit, which reiterated the same claims concerning a knife that had been rejected twice, the Fifth Circuit imposed a sanction of $100 and barred Calton from filing any pleading seeking to challenge his conviction or sentence without first obtaining authorization from the court. *See In re: Calton*, No. 21-10295 (5th Cir. Apr. 26, 2021) (unpublished). Records reflect Calton paid the sanctions.

## II. DISCUSSION

### A. Screening

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

An action is frivolous where there is no arguable legal or factual basis for the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges a violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (internal quotation and citation omitted).

A complaint is factually frivolous when "the facts alleged are 'fantastic or delusional scenarios' or the legal theory upon which a complaint relies is 'indisputably meritless.'" *Eason v. Thaler*, 14 F.3d 8, 9 n.5 (5th Cir. 1994) (quoting *Neitzke,* 490 U.S. at 327-28). In evaluating whether a complaint states a claim under sections 1915A(b)(1) and 1915(e)(2)(B), the court applies the same standards governing dismissals pursuant to Rule 12(b)(6). *See DeMoss v. Crain*, 636 F.3d 145, 152 (5th Cir. 2011); *see also* FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007)); *see* FED. R. CIV. P. 12(b)(6). These factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A conclusory complaint—one that fails to state

material facts or merely recites the elements of a cause of action—may be dismissed for failure to state a claim. *See id.* at 555-56.

**B. Mandamus**

Calton's request for relief is in the nature of mandamus. "The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb County Sup. Ct.*, 474 F.2d 1275, 1275-76 (5th Cir. 1973).

The state defendants named by Calton are not officers or employees of the United States or any federal agency. Consequently, the Court is without power to order them to take particular action regarding his state habeas application. As such, Calton's claims against these defendants are frivolous. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack power to mandamus state courts in the performance of their duties).

The undersigned additionally notes that Calton appealed the TCCA's denial of his successive state application to the Supreme Court. The Supreme Court denied Calton leave to proceed in forma pauperis and dismissed his petition for writ of certiorari. *Calton v. Texas*, 141 S. Ct. 454 (2020). Calton also filed a petition for writ of mandamus at the Supreme Court making

essentially the same requests he makes in his instant civil-rights complaint and a petition for writ of habeas corpus. The Supreme Court likewise denied Calton leave to proceed in forma pauperis and dismissed his petitions. *In re: Calton*, 141 S. Ct. 465 (2020) and *In re: Calton*, 141 S. Ct. 461 (2020). After Calton filed additional petitions at the Supreme Court, the Court held that Calton had repeatedly abused that Court's process and directed the Clerk to not accept any further petition in noncriminal matters from Calton unless the docketing fee was paid and the petition complied with the Court's rules. *In re: Calton*, 142 S. Ct. 1193 (2022) and *In re: Calton*, 142 S. Ct. 1402 (2022).

## III. CONCLUSION

Calton's civil-rights complaint is frivolous. Federal courts lack jurisdiction to direct state courts and their judicial officers in the performance of their duties.

## IV. RECOMMENDATION

It is therefore recommended that Calton's complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to 28 U.S.C. §1915A.

In the event this report and recommendation is accepted, adopted, or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## V. OBJECTIONS

Within 14 days after receipt of the report and recommendation, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from

appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 1st day of October 2022.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE